UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-22539-CIV- GOODMAN

[Consent Case]

LATELE TELEVISION, C.A.,

     Plaintiff,

v.

TELEMUNDO COMMUNICATIONS
 GROUP, LLC, et al.,

     Defendants.

_____/

## ORDER GRANTING DEFENDANT TELUEMUNDO MEDIA, LLC'S SUMMARY JUDGMENT MOTION

In the instant copyright infringement case, Defendant Telemundo Media, LLC ("TCG," f/k/a Telemundo Communications Group, LLC) seeks final summary judgment in its favor on all counts asserted against it in the Complaint. In its summary judgment motion [ECF No. 174], TCG contends that Plaintiff, Latele Television, C.A. ("Plaintiff" or "Latele"), has no factual support for any of the claims pleaded against it. TCG stresses that it is only a holding company which had no material role in, or relationship to, the supposed infringing work.

The Undersigned has reviewed the summary judgment motion, Latele's response [ECF No. 189] and TCG's reply [ECF No. 206]. Latele has not cited any record evidence

suggesting that the holding company had any involvement in, or relationship to, the alleged infringement. Nor has Latele filed a motion, with supporting affidavit or declaration, under Federal Rule of Civil Procedure 56(d), to defer consideration of the motion or to deny it. Therefore, the Undersigned grants TCG's motion.

## I.    <u>Factual Background</u>

In its Complaint, Latele alleges different types of copyright infringement by Defendants of the popular *Maria Maria* ("*MM*" or "*Maria Maria*") telenovela, a Spanish-language soap opera. The works at issue are 198 episodes of television programming allegedly owned by Latele, originally airing in 1989, and 178 episodes of television programming allegedly aired by Defendants. *El Rostro de Analia* ("*ERA*") is the allegedly infringing work. Latele alleges that Defendants hired the author of *Maria Maria* to develop *ERA*, a telenovela which Latele alleges is so similar to *Maria Maria* that the public and press have designated it as a remake or retelling. Latele's three-count Complaint pursues claims for copyright infringement, contributory copyright infringement and vicarious copyright infringement. [ECF No. 1, pp. 15-22].

According to certain specific paragraphs in TCG's Statement of Undisputed Material Facts [ECF No. 174, p. 2], which Latele did not dispute [ECF No. 189, p. 2], TCG is the holding company for all the Telemundo Defendants named in the Complaint. Specifically, Telemundo Network is a wholly-owned subsidiary of TCG; Telemundo Studios and Telemundo Internacional are wholly-owned subsidiaries of

Telemundo Network Group; and Telemundo Miami is a wholly-owned subsidiary of Telemundo Studios.

In TCG's motion, it asserts as an undisputed material fact that, other than being the holding company for the other Defendants, it played no role in the financing, creation, approval, production, broadcasting, distribution, advertisement, licensing and sale of *ERA*. TCG also represents the following as undisputed facts: (a) it played no role -- and had no relationship with -- in the acquisition, financing or greenlighting of *ERA*, aside from being the holding company, (b) it played no role -- and had no relationship with -- the licensing, sale or distribution of *ERA* (including international aspects of those activities), aside from being the holding company for the other Telemundo Defendants, (c) it had no relationship with *ERA*, directly or indirectly, aside from being the holding company, and (d) it played no role -- and had no relationship with -- the foreign and/or domestic distribution of *ERA*, other than being the holding company.

Although Latele's response to the summary judgment motion says, in wholly conclusory fashion, that the so-called undisputed facts listed in the prior paragraph are "disputed," it did not cite to any record evidence to dispute TCG's Statement of Undisputed Material Facts. Instead, its factual challenge is based on the following rhetoric: "these facts are disputed as the requested discovery on financial information, now the subject of a Motion for Sanctions pending before this Honorable Court [D.E. 161], shall reveal the relationship, both financial and factual, between the alleged

holding company and its wholly-owned subsidiaries, i.e., the other four Defendants."
[ECF No. 189, p. 2]. However, the discovery sanctions motion upon which Latele relies
had already been **denied** in a sealed order at that time. [ECF No. 184]. Apparently,
Defendants were unaware of this ruling because it was filed under seal. The
Undersigned advised the parties of the under-seal ruling on July 10, 2014 [ECF No. 275]
and also forwarded copies to counsel on July 10, 2014. Latele never filed objections to
this discovery order denying the sanctions motion.

Latele offers only one other ground to support its claim that a factual dispute
precludes the requested summary judgment:  it asserts what it deems an "additional
disputed fact." Specifically, Latele argues as follows: "In order to determine whether
TCG, as a parent company, benefitted financially from the distribution of [*ERA*],
Plaintiff's damages expert would need to be able to review the individual financial
statements prepared for the years 2008-09 for the other named Defendants to determine
if any or all of them paid any dividends to TCG." [ECF No. 189, p. 3].

Latele attached Steven's Berwick's affidavit to support this theory. Mr. Berwick is
a certified public accountant. His affidavit explains that Latele's counsel asked him to
determine "whether the Parent Company has benefitted from the allegedly infringing
profits from the distribution and production" of *ERA*. [ECF No. 189-1, p. 3]. Mr.
Berwick opines that he would "need to review the individual financial statements
during the Relevant Time Period for the other named defendants (subsidiaries to the

Parent Company) to determine if these subsidiaries paid any dividends to the Parent Company. This would indicate that the Parent Company has benefitted from the infringing profits." [*Id.* at pp. 3-4]. The affidavit continues: "The financial information necessary to perform the above analysis has not been produced. Therefore, I am unable to determine if any dividends were paid to the Parent Company by the subsidiaries during the Relevant Time Period" (which Mr. Berwick identifies as 2008 and 2009). [*Id.* at p. 4].

But Latele did not seek individual financial statements of TCG's subsidiaries in discovery, nor did it include a request for this data in a motion to compel or a motion for sanctions.

II.   **Legal Analysis**

Count I of the Complaint asserts a claim for direct copyright infringement against all Defendants, including TCG, the alleged parent entity. [ECF No. 1, pp. 15-16 ¶¶ 56-59 (alleging that "Defendants" copied, produced, broadcast, distributed, disseminated and displayed the accused work)]. Count I of Plaintiff's Complaint therefore requires that Plaintiff plead and prove: (1) ownership of a valid copyright; and (2) what acts TCG, specifically, did that constitute copying of constituent elements of the work that are original. *See Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

Counts II and III of the Complaint plead indirect (contributory or vicarious) copyright infringement against TCG. To establish contributory infringement Plaintiff must prove: (1) direct infringement; (2) that TCG had knowledge of the alleged infringing activity; and (3) that TCG intentionally induced, encouraged, or materially contributed to the direct infringement. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 469 F. Supp. 2d 1148, 1174 (S.D. Fla. 2006) (granting summary judgment to defendant architects and developers for alleged infringment of copyrighted architectural designs); *see also Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*, 707 F. Supp. 2d 1287, 1295 (M.D. Fla. 2010) (same). Knowledge, for purposes of Plaintiff's contributory infringement claim, "means either the alleged contributory infringer has actual knowledge or has reason to know of the infringing activity." *Klein & Heuchan*, 707 F. Supp. 2d at 1295.

Vicarious liability requires Plaintiff to prove that TCG profited from the alleged direct infringement while declining to exercise a right to stop or limit it. *See id.*; *Dawes-Ordonez v. Realtor Ass'n of Greater Fort Lauderdale, Inc.*, No. 09-60335-CIV, 2010 WL 1791754, at *3 (S.D. Fla. May 5, 2010). If Plaintiff's claims for direct copyright infringement in Count I fail, then its claims for indirect infringement also necessarily fail. *Disney Enters., Inc. v. Hotfile Corp.*, No. 11-20427-CIV, 2013 WL 6336286, at *30 (S.D. Fla. Sept. 20, 2013) ("[T]o establish this derivative liability, a plaintiff must first make a prima facie case of direct infringement by a third party, which is done by

proving ownership of a particular work and evidence of unauthorized copying.")

(citing *A & M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 n. 2 (9th Cir. 2001)); *New World*

*Music Co. (LTD) v. Tampa Bay Downs, Inc.*, No. 8:07-cv-398-T-33TBM, 2009 WL 35184, at

*4 (M.D. Fla. Jan. 6, 2009).

Summary judgment is appropriate only when the Court is satisfied that there

is no genuine dispute as to any material fact and that the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if there is

sufficient evidence such that a reasonable jury could return a verdict for either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it may

affect the outcome of the suit under the governing law. *See id.*

On issues as to which the opposing party will have the burden of proof at

trial, the movant can prevail merely by pointing out that there is an absence of

evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S.

317, 323-24 (1986). Thus, if Plaintiff, as the non-moving party, fails to make a

sufficient showing on an essential element of its case with respect to which it bears

the burden of proof at trial, then summary judgment for TCG is warranted. *See Oravec*,

469 F. Supp. 2d at 1160.

"By its very terms, this standard provides that the mere existence of *some*

alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no *genuine*

issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Likewise, a dispute about a material fact is a "genuine" issue only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Federal Rule of Civil Procedure 56(d) authorizes a party opposing a summary judgment motion to file a motion for additional time to conduct discovery so that it may appropriately oppose the motion. *See Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 843 (11th Cir. 1989). Importantly, the Rule requires that the party seeking to invoke this subsection file a *motion* requesting additional discovery and to postpone ruling on the pending summary judgment motion. *See id.* at 844 (Rule 56(d) "shows that a court may grant summary judgment without the parties having conducted discovery if the opponent has not sought discovery *by making a motion* under rule 56([d]), or if the court has, in the valid exercise of its discretion, *denied such a motion*.") (emphasis added).

As noted by Defendants in their reply memorandum, Latele never filed a motion seeking additional discovery under Rule 56(d). Instead, it merely mentioned that it wants more discovery. While it may be correct that Latele wants or needs more

discovery, that alone is insufficient to preclude summary judgment or to defer a ruling under Rule 56(d). If a party never timely seeks discovery, then a request for more discovery in response to a summary judgment motion is usually not a convincing ground to postpone a ruling. *See, e.g., Florida Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) ("[S]ummary judgment was not granted until approximately two years after the complaint was filed. During that time, [plaintiffs] were provided with a list of individuals and documents with information relevant to the issues. The parties also agreed on a discovery schedule which the trial court extended on several occasions. In light of the foregoing, we hold that the district court did not abuse its discretion in denying the motion for additional time for discovery.").

TCG's summary judgment motion relies upon its responses and objection to Latele's First Set of Interrogatories. [ECF No. 174-1]. These verified responses were served on January 15, 2013, almost 15 months before TCG filed its summary judgment motion. Plaintiff did not move to compel better answers, nor did it seek additional discovery specific to TCG. In March 2013, the Parties reached "an overarching compromise on various discovery issues." [ECF No. 157. P. 1]. Although Latele obtained the deposition of Amanda Calpin as part of that agreement, it never asked Ms. Calpin any questions about TCG specifically. In an Order denying Latele's sanctions motion, United States Magistrate Judge Patrick M. Hunt found, after

carefully reviewing the Calpin deposition transcript, that "the deponent sufficiently addressed the subject matter at issue and which was agreed to by the parties." [ECF No. 184, p. 2]. Not only did Magistrate Judge Hunt not find any evidence of sanctionable conduct by Defendants, but he found that Defendants "agreed to numerous discovery accommodations to satisfy Plaintiff even when additional requests were raised in the negotiation process." [*Id.*].

In addition, Latele never sought as part of the discovery agreement the individual financial statements its expert now says he needs.

Additionally, Plaintiff failed to append an affidavit meeting the stringent requirements of Rule 56(d). "A party seeking the shelter of Rule 56([d]) must offer an affidavit explaining to the court why he is unable to make a substantive response." *Wallace v. Brownell Pontiac-GMC Co., Inc.*, 703 F.2d 525, 527 (11th Cir. 1983) (affirming order granting defendant's summary judgment motion and denying continuance motion). Plaintiff "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* (internal quotation omitted).

Plaintiff appended only the affidavit of its damages expert, Mr. Berwick. Significantly, the Berwick Affidavit does not detail specifically **how** the identified

discovery would enable Plaintiff to rebut TCG's showing of an absence of a genuine issue of material fact as to each element of Plaintiff's three claims against TCG.

For example, the Berwick Affidavit does not explain how these financial statements would demonstrate that TCG itself engaged in any infringing acts with respect to the work at issue. *See Broadvision, Inc. v. Gen. Elec. Co.*, No. 08 Civ. 1478, 2009 WL 1392059, at *3 (May 5, 2009 S.D.N.Y.) (dismissing claim for direct infringement against parent corporation because the plaintiff "failed to allege any acts by which [the parent company] infringed [plaintiff's] copyright"). Nor does the Berwick Affidavit explain or elaborate as to how the financial statements would show that TCG had a right and ability to supervise a party responsible for direct infringement. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007) ("[T]o succeed in imposing vicarious liability, a plaintiff must establish that the defendant exercises the requisite control over the direct infringer and that the defendant derives a direct financial benefit from the direct infringement . . . . [T]he 'control' element [is satisfied by a plaintiff showing that] a defendant . . . has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so.").

The Berwick Affidavit (and Plaintiff's Response to TCG's summary judgment motion) also fails to demonstrate how individual financial statements for TCG's

11

subsidiaries would demonstrate that TCG had knowledge of the alleged infringing activity *and* intentionally induced, caused or materially contributed to the infringing activity. *See Klein & Heuchan*, 707 F. Supp. 2d at 1295; *see also Perfect 10*, 508 F.3d at 1170 (setting forth the essential elements for a contributory infringement claim); *Berry v. Deustche Bank Trust Co. Ams.*, No. 07 Civ. 7634, 2008 WL 4694968, at *5 (Oct. 21, 2008 S.D.N.Y.) ("The authorization or assistance must bear a direct relationship to the infringing acts, and the contributory infringer must have acted in concert with the direct infringer.") (internal quotation omitted).

Finally, the Berwick affidavit fails to explain the **critical reason** for the absence of the very documents and information he says he would need to make the critical assessment of whether TCG benefitted financially from the distribution of *ERA* -- the party which retained him failed to ask for them in discovery.

In addition, nothing in the Berwick Affidavit describes with specificity how the identified documents (the individual financial statements of TCG's subsidiaries) would create a genuine issue of material fact with respect to the essential elements of Plaintiff's claims for direct, contributory and/or vicarious infringement.

TCG's Statement of Undisputed Facts is therefore unrebutted because (1) Latele did not adequately challenge TCG's Statement of Material Facts with citations to record evidence, (2) Latele never filed a Rule 56(d) motion for

additional discovery or for a delay in evaluating the motion, (3) Latele did not file a sufficient affidavit to support a Rule 56(d) motion, and (4) Latele never requested the discovery now flagged as important by its expert.

Given the absence of any factual disputes, the Court's remaining task is to determine whether the undisputed factual record supports the summary judgment requested by TCG.

On Count I, there is a complete absence of record evidence to demonstrate TCG engaged in any acts of infringement concerning *Maria Maria*. To establish copying, Plaintiff must introduce record evidence demonstrating that TCG had access to *Maria Maria*, and that *ERA* and *Maria Maria* are "so substantially similar" that "an average lay observer would recognize the alleged copy as having been appropriated from the original work." *Calhoun v. Lillenas Publishing*, 298 F.3d 1228, 1232 (11th Cir. 2002) (internal quotation omitted); *see also Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007) ("To demonstrate copying, a plaintiff must show that the person who composed the defendant's work had access to the copyrighted material and that there is substantial similarity between the two works.") (internal quotation omitted).

As set forth in TCG's Responses and Objections to Plaintiff's First Set of Interrogatory Requests, which, as described above, is unrebutted, TCG played no role whatsoever in any of the activities referenced in Plaintiff's Complaint. This is because

13

TCG is merely a holding company for the other Telemundo Defendants. There is no record evidence demonstrating otherwise.

Summary judgment for TCG is therefore proper on Count I. *See, e.g., Corwin*, 475 F.3d at 1254 (affirming district court's granting of summary judgment to defendant because the plaintiff "failed to raise a genuine issue of material fact as to access or striking similarity").

Concerning Counts II and III, there is no record evidence to suggest that TCG had any involvement with the approval or "green-lighting" of *ERA*. Similarly, there is no evidence that TCG had a relationship and/or role in the licensing, sale or distribution of *ERA*, either domestically or internationally.

Rhetoric and attorney argument are no substitute for record evidence. Latele cannot avoid summary judgment by simply *saying* the facts are in dispute and asking for more discovery (which it never sought before) with a simultaneous request to postpone a ruling.

As noted above, there is simply no record evidence demonstrating that TCG had knowledge of any alleged infringing activity and/or caused, induced or materially contributed to the infringing conduct complained of in the Complaint. Consequently, TCG cannot be held liable for contributory infringement, and summary judgment as to Count II will be granted in TCG's favor. *See Oravec,* 469 F. Supp. 2d at 1175 (granting defendants summary judgment on claim for

14

contributory infringement because there was no record evidence that defendants'
conduct contributed to the alleged infringing work, or was involved directly in
licensing the alleged infringing work).

There is also no record evidence demonstrating that TCG profited from
the alleged direct infringement while declining to exercise a right to stop or limit it
such that TCG can be held vicariously liable for copyright infringement as
alleged in Count III of the Complaint. *See Dawes-Ordonez*, 2010 WL 1791754 at
*3 (granting summary judgment to defendant because plaintiff failed to present
any record evidence demonstrating that defendant directly profited from the
alleged infringing work).

The Court therefore grants TCG summary judgment as to Count III.


III.   **Conclusion**

The Court denies Latele's request for a discovery continuance and grants
TCG's summary judgment in its entirety on all three counts. *See, e.g., Almeida v.
Amazon.com, Inc.*, 456 F.3d 1316, 1327 n.6 (11th Cir. 2006) (affirming district court's
denial of Rule 56(d) motion because no additional discovery could serve to
overcome the defendant's entitlement to summary judgment and noting that "the
court has wide discretion in deciding whether a party is entitled to an opportunity

for discovery"). *See also Harbert Int'l, Inc. v. James,* 157 F.3d 1271, 1280-81 (11th Cir. 1998).

     **DONE AND ORDERED** in Chambers, in Miami, Florida, December 18, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**<u>Copies furnished to</u>**:
All Counsel of Record