UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-22539-CIV-GOODMAN

[CONSENT CASE]

LATELE TELEVISION, C.A.,

    Plaintiff,

v.

TELEMUNDO COMMUNICATIONS
GROUP, LLC, et al.,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S SANCTIONS MOTION**
**AGAINST DEFENDANTS FOR VIOLATING**
**LOCAL RULE 7.1's PRE-FILING CONFERRAL REQUIREMENT**

    Better known as Bo Diddley, Ellas McDaniel wrote and recorded the classic blues song "Before You Accuse Me" as the B-side to a single released in 1958 on the Checker label. Also covered and recorded by Eric Clapton, Creedence Clearwater Revival and others, Diddley's song provided some classic advice: "Before you accuse me, take a look at yourself." Diddley's musical caveat is relevant here because Plaintiff seeks attorney's fees as sanctions against Defendants for failing to comply with the local rule

requirement of a pre-filing conferral before filing a motion in limine -- but Plaintiff failed to follow that same pre-filing conferral rule for its own sanctions motion.

Plaintiff, Latele Televison, C.A. ("Latele"), failed to follow the conferral rule even though Defendants, Telemundo Communications Group, LLC, et al. ("Telemundo") expressly and unequivocally warned it to have the required conference before filing the sanctions motion. Latele filed the motion anyway, without the pre-filing conferral.

For this reason (and others outlined below), the Undersigned **denies** Latele's sanctions motion [ECF No. 437].

**Factual Background**

Latele's sanctions motion concerns Telemundo's motion *in limine* [ECF No. 230], which raised ten separate issues. Telemundo did not have a pre-filing conferral before filing its motion *in limine*. The Court denied [ECF No. 429] Telemundo's *in limine* motion. In doing so, the Undersigned noted that Telemundo could have omitted several of the categories in the motion because Latele conceded the points and did not substantively object to several evidentiary points Telemundo raised about its trial burdens. Therefore, the Order's implicit message was practical: if Telemundo had followed the requirement of having a pre-filing conferral, then it would not have included all of the purported disputes in its *in limine* motion -- because it would have learned in the pre-filing conferral that Latele had no objection to several issues raised in the motion.

This violation,[1] Latele argues, entitles it to an attorney's fee sanction against Telemundo.

Before filing its sanctions motion, however, Latele's counsel and Telemundo's counsel exchanged emails, and Telemundo issued a clear reminder: "if you intend to proceed with such a request [for attorney's fees, as a sanction], you should serve but not file your motion under Local Rule 7.3, in compliance with the provisions thereof, and we will meet and confer in due course as required." [ECF No. 463-1]. Telemundo's email also announced its position that it did not believe that a fees award was justified. And it noted that it did not know the amount of fees that Latele intended to seek or which portions of Latele's response to the *in limine* motion it intended to apportion to those sections which Latele did not oppose.

Latele's sanctions motion (seeking only attorney's fees) does not disclose or suggest the amount of fees sought, nor does it provide any detail about the legal services at issue in the fees request. The sanctions/fees motion was not verified.

In its opposition, Telemundo raises several arguments: (1) the fees motion violated Local Rule 7.3's pre-filing meet and confer obligation regarding motions for attorney's fees; (2) the fees motion further violated Local Rule 7.3 because it did not

---

[1] With limited exceptions inapplicable here, Local Rule 7.1(a)(3) requires a movant to confer with all parties before filing a motion "in a good faith effort to resolve by agreement the issues to be raised in the motion." It also requires the movant to provide a written certification that a conferral occurred or that reasonable efforts to confer were made but the movant was unable to have the required conferral.

state the amount of fees being sought or provide any detail about the fees; (3) the fees motion also violated Local Rule 7.3 because it was not verified; (4) **neither** party followed the meet and confer obligations of Local Rule 7.1(a)(3) when filing *Daubert*[2] motions and motions *in limine*; and (5) Latele did not actually agree to any of the relief requested in the *in limine* motion.

The procedural history confirms the accuracy of point four: neither Latele nor Telemundo complied with Local Rule 7.1(a)(3)'s pre-filing meet and confer requirement before filing, last year, myriad trial-related motions, including Telemundo's *in limine* motion (which triggered the instant sanctions/fees motion). By way of example, Latele itself did not follow the meet and confer rule in connection with its *Daubert* Motion to Exclude Dr. Carolina Acosta-Alzuru as an Expert Witness on Liability [ECF No. 229] and its *Daubert* Motion to Exclude Ben W. Sheppard as an Expert Witness on Damages [ECF No. 231]. For all practical purposes, Telemundo's *in limine* motion sought, at least concerning expert witness testimony, the same type of relief as Latele's two *Daubert* motions: the exclusion of the testimony.

In its reply [ECF No. 466], Latele acknowledges its failure to comply with Local Rule 7.3's requirement for the sanctions/fees motion but argues that it did not believe it needed to have a pre-filing conferral under *this* local rule because it was asking only for a ruling on entitlement to fees as a sanction, not a specific amount of fees. Latele now

---

[2] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

4

(after its failure to confer was highlighted by Telemundo) asks the Court to strike the motion without prejudice and permit it to file a renewed sanctions motion after complying with Local Rule 7.3. The reply did not mention Local Rule 7.1(a)(3), however.

**Legal Analysis**

As noted above, Local Rule 7.1(a)(3) requires a pre-filing conferral and does not designate a sanctions motion as an exception. That rule also provides that a failure to comply "**may be cause for the Court to grant or deny the motion** and impose on counsel an appropriate sanction, which may include an order to pay the amount of reasonable expenses incurred because of the violation, including a reasonable attorney's fee." (emphasis added).

In its response, Telemundo stressed Latele's failure to comply with Local Rule **7.3's** meet and confer requirement but did not ask for sanctions for Latele's violation.

Local Rule 7.3, which governs the procedure for attorney's fees and costs, requires a pre-filing good faith effort to resolve a "motion for an award of attorneys fees and/or non-taxable expenses and costs **arising from the entry of a final judgment or order.**" (emphasis added). Subsection (b) of this local rule specifies the procedures for the pre-filing effort to resolve a fees or costs request. It requires a draft motion complying with Local Rule 7.3(a)(1)-(8) to be served but not filed at least 30 days before the deadline for filing a motion for fees and costs. This subsection also requires the

5

respondent to describe in writing and with reasonable particularity "each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount."

Subsections (a)(1)-(8), in turn, impose additional procedural requirements on the movant, including the amount of fees sought (subsection 3), the number of hours as well as a description of the tasks and the hourly rates (subsection 5), verification of the motion (subsection 7) and a certification that a good faith effort to resolve the issues by agreement has occurred (subsection 8).

Local Rule 7.3 also provides that "either party may move the Court to determine entitlement prior to submission on the issue of amount." Latele did not seek leave to pursue the entitlement issue only before submitting information about the amount.

Although Latele's motion for sanctions is based on Telemundo's failure to follow Local Rule 7.1(a)(3) when it filed its *in limine* motion, Telemundo's similar attack on Latele's later sanctions motion is based solely on Local Rule 7.3. Latele's response to this challenge implicitly assumes that Local Rule 7.3 applies to Latele's motion (which it describes as a motion for "sanctions"). Moreover, neither party discussed whether Local Rule 7.1 applies to Latele's sanctions motion, and they seem to take the position that this local rule is inapplicable to Latele's sanctions motion (and that only Local Rule 7.3 applies).

In other words, the parties focus only on Local Rule 7.1's meet and confer requirement when evaluating Telemundo's *in limine* motion but discuss only Local Rule 7.3's meet and confer requirement when assessing Latele's sanctions motion.

The Undersigned is not convinced that this approach is necessarily the correct one. It may well be that Local Rule 7.1 is the more-applicable local rule, or it could be that **both** local rules apply to Latele's sanctions motion.

Latele's motion is expressly designated as one for sanctions, though it seeks only a particular type of sanction -- attorney's fees. Sanctions motions are typically filed under Federal Rule of Civil Procedure 37 (for discovery disputes), Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927 (against an attorney who unreasonably and vexatiously multiplies the proceedings) or the Court's inherent power.

Local Rule 7.3 concerns only motions for attorney's fees and costs, and does not expressly apply to sanctions motions. In contrast, the pre-filing conference requirement of Local Rule 7.1(a)(3) applies to "**any** motion in a civil case," except certain designated motions, none of which apply here. Thus, there is no rule-based reason to conclude that a sanctions motion seeking fees is *not* covered by Local Rule 7.1.

On the other hand, because Local Rule 7.3 applies to motions for attorney's fees based on a "final judgment or order giving rise to the claim," it may apply to Latele's *sanctions* motion, which is based on the Court's order denying the *in limine* motion for failure to confer and seeks only attorney's fees.

Therefore, it appears as though *both* local rules may apply to Latele's sanctions motion.

But regardless of which source is used to support a sanctions motion, a pre-filing conferral of some type[3] is always required, either under Local Rule 7.1 or Local Rule 7.3. Although both Local Rules 7.1 and 7.3 have pre-filing conferral requirements, only Local Rule 7.1 contains language expressly warning that a failure to follow the rule may be cause to grant or deny the motion.

As outlined above, regardless of whether Local Rule 7.1, 7.3 or both apply to Latele's motion, it never had a pre-filing conferral before it filed its sanctions motion.

So Latele is guilty of the very misconduct it complains of in its sanctions motion.

---

[3] Federal Rule of Civil Procedure 11(c)(2) requires the movant to first serve the motion on the opposing party and prohibits the filing of a sanctions motion unless the challenged submission is appropriately withdrawn or corrected within 21 days after service or within another time the court sets. In addition, because a Rule 11 sanctions motion is not one of the limited motions exempted under Local Rule 7.1(a)(3), a party seeking to file a Rule 11 motion likely needs to also have a pre-filing conferral after serving (but not filing) the motion and waiting the requisite 21-day safe harbor provision. *Morroni v. Gunderson*, 169 F.R.D. 168, 172 (M.D. Fla. 1996) (denying Rule 11 motion for, among other reasons, failure to comply with the Middle District's similar local rule meet and confer requirement and noting that Plaintiffs "should have been presented with the opportunity to resolve the issues" in a mandatory pre-filing conference even though they "most likely would not have agreed to be sanctioned"). *Cf. Miller v. Relationserve, Inc.*, No. 05-61944-CIV, 2006 WL 5849318, at *4 (S.D. Fla. Dec. 1, 2006) (noting that a Rule 11 motion did not comply with Local Rule 7.1, adding that "it can be argued that the spirit of the Rule was met," pointing out that, "on the other hand, Plaintiff certainly was not aware of the amount of fees being sought" and opining that "perhaps if Defendants conferred with opposing counsel regarding the amount of fees sought, the parties might have been able to reach an agreement on the issue").

Latele contends that it mistakenly believed that the pre-filing conferral was unnecessary because its sanctions motion focused only on entitlement, not the specific amount of the fees. Latele explains that it incorrectly believed it could unilaterally bifurcate the issue of entitlement from the issue of amount, without obtaining leave of Court. Alternatively, it asks the Court to permit it to refile. Latele's argument is not persuasive.

Although there are some courts which permit a party to bifurcate attorney's fees motions without leave of Court, the Undersigned has not adopted this approach. To the contrary, the Undersigned has issued at least two opinions published by Lexis which reject this procedure. Both of these cases are cited in Latele's reply. *Gables Ins. Recovery v. United Healthcare Ins. Co.*, No. 13-21142, 2013 U.S. Dist. LEXIS 113376 (S.D. Fla. Aug. 12, 2013); *Carreras v. PMG Collins, LLC*, No. 12-23150, 2013 U.S. Dist. LEXIS 45593 (S.D. Fla. March 29, 2013). Moreover, Local Rule 7.3 does not provide a mechanism for the unilateral bifurcation of these issues; it allows bifurcation only if the Court approves after an appropriate motion is filed.

Even if permission-free bifurcation were permitted (which it is not, as leave of Court is required), that would not excuse the failure to have a pre-filing conferral (under either Local Rule 7.1 or Local Rule 7.3, or both). It would excuse the omission of the information concerning *fees* issues (e.g., the amount of the fees, number of hours,

hourly rates, etc.) and other fees-related obligations (e.g., verification), **but it still would not exempt Latele from the conferral requirement expressly required by both rules.**

Latele asks the Court to adopt the procedure it used in *Carreras*, where the Undersigned entered an order striking without prejudice the attorney's fees motion discussing only entitlement but permitting a refiled motion. But the defect in the fees motion in *Carreras* was a unilateral effort to bifurcate, **not the movant's failure to confer**. Latele's motion is plagued with *both* problems.

Assuming, for the sake of discussion only, that the Court overlooked the failure to confer and the procedurally incorrect bifurcation, the Undersigned would *still* deny the motion because Latele itself committed the same litigation sin as Telemundo -- and it did so on two separate occasions related to the instant motion. First, it failed to have a pre-filing conferral when it filed its own *Daubert* motions (filed at the same time that Telemundo filed the similar *in limine* motion at issue here). Second, it did not confer before filing the instant sanctions motion.

Telemundo describes this circumstance as a "twist of ironic fate" which is "akin to the proverbial 'pot' calling the 'kettle' black." [ECF No, 463]. But regardless of whether a song lyric, a proverb, a poem, a movie quote[4] or some other source provides a colorful and metaphoric description of this paradoxical scenario, the Court is denying

---

[4] In Rita Hayworth's most-famous role in "Gilda," a 1946 film noir movie, she responds to Johnny, a young thug played by Glenn Ford, as follows: "That wouldn't be the big pot calling the little kettle black, now would it?" http://www.filmsite.org/gild.html (last visited March 26, 2015).

the sanctions motion because Latele did not comply with the meet and confer requirements (of Local Rules 7.1 and/or 7.3) and because it did not comply with the meet and confer rule when it filed its own *in limine*-type motion to exclude evidence. *Jackson v. Deen*, No. CV412-139, 2013 WL 2112238, at *2 (S.D. Ga. May 15, 2013) (denying defendant's motion to compel, rejecting defendant's argument that plaintiff's discovery response was untimely, reminding counsel that "what goes around comes around" and noting that "the duty to confer is mandatory and must be meaningful"). *See generally Barapind v. Enomoto*, 360 F.3d 1061, 1077 (9th Cir. 2004) ("one cannot ignore the principal of reciprocity: what goes around comes around"), aff'd in part, rev'd in part and remanded, 400 F.3d 744 (9th Cir. 2005); *Bryant v. United States*, No. 2:10-cv-8044, 2013 WL 4079339, at *15 (N.D. Ala. Aug. 13, 2013) (noting, in the summary conclusion of an order denying a federal prisoner's habeas petition, that "there's an old adage: what goes around comes around").

Given this dynamic, the Court need not evaluate Telemundo's other arguments (e.g., that a pre-filing conferral would not have eliminated or streamlined the *in limine* motion and would not have reduced Latele's work in responding to the motion because Latele did not substantively agree to any relief raised in the motion and, at best, only made hyper-technical concessions which still left open myriad evidentiary concerns raised by Telemudo).

By way of summary, the Court denies Latele's motion for sanctions (and does not sanction Latele for not conferring before filing this sanctions motion by imposing a fees award, which Telemundo has not requested here).

**DONE AND ORDERED** in Chambers, in Miami, Florida, March 26, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
All Counsel of Record